UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BAKER & TAYLOR, INC. and BAKER & TAYLOR FULFILLMENT, INC., | : : : | |
| Plaintiffs, | : : : | CIVIL ACTION NO. |
| v. | : : | 3:07-cv-1851 (CFD) |
| ALPHACRAZE.COM CORP., ALLAN R. AVERY, LAURA M. AVERY, MICHAEL SHELTON, BRANDI SHELTON, MIGUEL JAIME and MATTHEW FOY, | : : : : : : | |
| Defendants. | : | |

## RULING ON MOTION TO DISMISS

**I.     Introduction and Background**

Plaintiffs Baker & Taylor, Inc. and Baker & Taylor Fulfillment, Inc. (together, "Baker & Taylor") bring this suit to recover $2.7 million allegedly owed to them by defendant AlphaCraze, and individual guarantors of AlphaCraze's debts. AlphaCraze is an online retailer, and Baker & Taylor is an internet "fulfillment" company that supplies good and services for retailers like AlphaCraze by filling the retailer's orders. According to the Amended Complaint, AlphaCraze became delinquent in its payments under the parties' Fulfillment Agreement. Baker & Taylor filed a complaint on December 14, 2007 alleging breach of contract, unjust enrichment, breach of individual guaranties, fraudulent conveyance, and violation of the Uniform Fraudulent Transfer Act. Baker & Taylor amended the complaint on July 10, 2008, adding two counts brought as creditor derivative claims. Count Thirteen of Baker & Taylor's Amended Complaint is a creditor derivative claim for breach of fiduciary duty against defendant Matthew Foy, an AlphaCraze director. Foy filed this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure on August 25, 2010. He argues the Court lacks subject matter jurisdiction over the claim against him because the purported derivative claim is in fact a direct claim, and creditors are barred from directly asserting claims for breach of fiduciary duty against directors. In the alternative, he argues that even if Baker & Taylor's claim were a derivative claim, Baker & Taylor lacks standing because it cannot fairly and adequate represent the corporation.

## II.  Applicable Law and Discussion

Under Rule 12(b)(1), a case is properly dismissed "when the court lacks the statutory or constitutional power to adjudicate the case." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). As with a motion to dismiss pursuant to Rule 12(b)(6), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). However, unlike a 12(b)(6) motion, both the moving and non-moving parties "may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction." Matos v. United States Dept. of Housing & Urban Dev., 995 F. Supp. 48, 49 (D. Conn. 1997) (citing Land v. Dollar, 330 U.S. 731, 735 (1947)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

(2009) (internal citations omitted).

Whether corporate directors owe a fiduciary duty to the corporation's creditors, and whether creditors may bring direct or derivative actions to enforce any breach of fiduciary duty, is an open question in Connecticut law.[1]  While neither the Connecticut Supreme Court nor the Connecticut Appellate Court has addressed the issue, recent decisions by courts in this District, the Connecticut Superior Courts, and the Delaware Supreme Court provide some clarity.[2]

Those decisions have held that no direct cause of action exists under Connecticut law for a creditor to claim a breach of fiduciary duty by a corporate director.  The Delaware Supreme Court has held that individual creditors of an insolvent corporation may not bring direct claims for a breach of a fiduciary duty against a corporation's directors.  See N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, 930 A.2d 92, 103 (Del. 2007).  The Connecticut courts that have addressed this issue rely on the Delaware Supreme Court's holding in Gheewalla.  See generally Wells Fargo Bank, N.A. v. Konover, No. 05-cv-1924, 2011 WL 12255986, at *16–18 (D. Conn. March 28, 2011) (Droney, J.); Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC, No. 3:09cv1546, 2010 WL 1729172, at *1 (D. Conn. Apr. 5, 2010); Metcoff, 977 A.2d at 290–97; All Metals Indus., Inc. v. TD Banknorth, No. cv075003464S, 2008 WL 731954, at *1 (Conn. Super. Ct. Feb. 27, 2008).  In fact, no court has recognized a direct cause of action for

---

[1] The parties do not dispute that Connecticut law governs Count Thirteen brought against Foy.

[2] When there is no Connecticut case law on point, Connecticut courts "look[] to Delaware case law for guidance on questions of corporate law, as it is the forum where the majority of such issues are litigated."  Von Seldeneck v. Great Country Bank, No. CV89029886S, 1990 WL 283729, at *5 (Conn. Super. Ct. Oct. 5, 1990); see also Metcoff v. Lebovics, 977 A.2d 285, 290–97 (Conn. Super. Ct. 2007) (relying on a Delaware Supreme Court decision for guidance in resolving a creditor's causes of action against a director for breach of fiduciary duty).

creditors to bring a breach of fiduciary duty claim against corporate directors under Connecticut law.

> [A]s a matter of law, the general rule is that whether a corporation is solvent or insolvent, directors of the corporation do not owe a fiduciary duty to a corporate creditor that would expose them to personal liability to the creditor for an alleged breach of such duty. The officers and directors of a corporation owe their fiduciary duties to the corporation and its shareholders, and corporate creditors are afforded rights and remedies under existing and extensive contract, tort and statutory protections.

Metcoff, 977 A.2d at 291.[3]

While a creditor may not bring a direct action for a director's breach of fiduciary duty, some decisions have held that creditors of an insolvent corporation may have standing to bring derivative claims against a director on behalf of the corporation. Properly alleged derivative actions are filed by the plaintiff in a representative capacity in which the corporation is the real party in interest. Barrett v. Southern Connecticut Gas Co., 374 A.2d 1051, 1055 (Conn. 1977). The Delaware Supreme Court recognized such a cause of action for the creditors of insolvent corporations in Gheewalla, 930 A.2d at 101. ("[T]he creditors of an insolvent corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duty.") In Metcoff, a case decided under Delaware law that relied heavily on Gheewalla, the court recognized the possibility of a creditor derivative claim, but struck the plaintiffs' derivative claim because it did not clearly describe the relief being sought for the benefit of the corporation. See also, Sobol Family Partnership v. Cushman & Wakefield, No.

---

[3] Although Connecticut Superior Court decisions are not binding on this Court, and thus Metcoff is only of persuasive value, the court in Master-Halco relied extensively on Metcoff in finding that a creditor may not bring a direct action for breach of fiduciary duty under Connecticut law. See Master-Halco, 2010 WL 1729172, at *1 ("[T]he Court believes that *Metcoff*'s holding is both well-reasoned and suggests the likely trajectory of the Connecticut courts' thinking on this issue.").

4

X04CV044003559S, 2006 WL 2458619 at *3 (Conn. Super. Ct. Aug. 9, 2006) (noting that a commercial debtor's duty to a commercial creditor is "extraordinarily narrow" and that "the duty created is not for the benefit of a particular creditor but rather for the entire class of creditors"); Master-Halco, 2010 WL 1729172, at *3 (speculating "as a predictive matter" about how broadly the Connecticut appellate courts may recognize creditor derivative claims).

In this case, the Court need not resolve whether such creditor derivative actions would be permitted under Connecticut law or the scope of such actions, because the Court finds that Baker & Taylor does not have standing to bring a derivative claim against Foy for breach of fiduciary duty. While no Connecticut statute addresses the standing requirements for bringing a creditor derivative action, the parties agree that the statutes governing shareholder derivative actions apply to this case. Under those statutes, to have standing to bring a derivative suit, a plaintiff must "fairly and adequately represent" the interests of the corporation and the interests of other similarly situated shareholders. Conn. Gen. Stat. §§ 33-721, 52-572j. See also, Fed. R. Civ. P. 23.1(a). The Amended Complaint illustrates that Baker & Taylor has potential conflicts of interest that prevent it from fairly representing the interests of other creditors. First, Baker & Taylor brings five counts directly against AlphaCraze, claiming that the corporation owes it $2.7 million for breach of the Fulfillment Agreement. Second, Baker & Taylor seeks recovery on the basis of multiple guaranties by a number of the individual defendants. Baker & Taylor has not alleged that any other creditor it might represent in the derivative suit is similarly entitled to recover any losses on the basis of contractual guaranties. This creates a potential—but likely—conflict of interest between Baker & Taylor and other creditors. If AlphaCraze is insolvent, which the Court must assume for the purposes of this motion, Baker & Taylor is most

likely to recover some of the $2.7 million it is allegedly owed by pursuing the breach of guaranty claims. Were Baker & Taylor to lose on its creditor derivative claim against Foy, it would have other legal remedies available by virtue of the guaranties. The other creditors may not. Therefore, Baker & Taylor's incentives to vigorously pursue Count Thirteen and its litigation strategies are different from other creditors. For this reason, Baker & Taylor has not persuaded the Court it can "fairly and adequately represent" the interests of the other creditors in this derivative claim. While the Court does not suggest that a creditor with individual guaranties may never adequately represent the interests of other creditors in a derivative suit, in this case, because the breach of guaranty claims so dominate the Amended Complaint, and given the nature of Baker & Taylor's direct claims against AlphaCraze, the Court concludes that Baker & Taylor does not have standing to bring this creditor derivative claim. Therefore, the Court lacks subject matter jurisdiction over this count of the Amended Complaint. Cf. Analytica of Branford, Inc. v. Fenn, No. 96-cv-736, 2007 WL 2221436, at * 3–4 (D. Conn. July 27, 2007) (Droney, J.) (holding a shareholder who could not fairly and adequately represent the interests of the corporation lacked standing to bring a shareholder derivative action, and that the Court lacked jurisdiction).

### III. Conclusion

For the reasons stated, the defendant's motion to dismiss [Dkt. # 105] is GRANTED. SO ORDERED this 8th day of August 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**