UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BAKER & TAYLOR, INC. and BAKER & TAYLOR FULFILLMENT, INC., | : : : | |
| Plaintiffs, | : : : | CIVIL ACTION NO. |
| v. | : : | 3:07-cv-1851 (CFD) |
| ALPHACRAZE.COM CORP., ALLAN R. AVERY, LAURA M. AVERY, MICHAEL SHELTON, BRANDI SHELTON, MIGUEL JAIME and MATTHEW FOY, | : : : : : | |
| Defendants. | : | |

**RULING ON MOTION TO DISMISS**

**I.**     **Introduction and Background**

Plaintiffs Baker & Taylor, Inc. and Baker & Taylor Fulfillment, Inc. (together, "Baker & Taylor") brought this action against AlphaCraze.com Corp. ("AlphaCraze"), Allan R. Avery, Laura M. Avery, Michael Shelton, Brandi Shelton, Matthew Foy, and Miguel Jamie. AlphaCraze is an online retailer, and Baker & Taylor is an internet "fulfillment" company that supplies goods and services for retailers such as AlphaCraze by filling the retailer's orders. According to the Amended Complaint, AlphaCraze became delinquent in its payments under the parties' Fulfillment Distribution Agreement. On December 17, 2007, Baker & Taylor filed a complaint alleging breach of contract (Count One), breach of contract by third-party beneficiary (Count Two), breach of corporate guaranty (Count Three), unjust enrichment (Count Four), quantum meruit (Count Five), breach of individual guaranties (Counts Six through Nine), fraudulent conveyance (Count Ten), and violation of the Uniform Fraudulent Transfer Act (Count Eleven).[1]

---

[1] On September 8, 2011, the Court entered a default judgment against AlphaCraze in favor of Baker & Taylor Fulfillment, Inc. on Counts One and Three of the Amended Complaint

On July 10, 2008, Baker & Taylor amended the complaint adding two counts brought as creditor derivative claims.  Count Twelve of the Amended Complaint is a creditor derivative claim for breach of fiduciary duty against defendant Allan Avery and Count Thirteen is an identical creditor derivative claim for breach of fiduciary duty against defendant Matthew Foy.  On August 8, 2011, the Court dismissed Count Thirteen against Foy, finding that Baker & Taylor lacked standing to bring a creditor derivative claim because it could not "fairly and adequately represent" the interests of other creditors.  See Baker & Taylor, Inc. v. AlphaCraze.com, 3:07-cv-1851 (CFD), 2011 U.S. Dist. LEXIS 87801, at *8–10 (D. Conn. Aug. 8, 2011) ("Foy Ruling").  Avery now moves to dismiss Count Twelve pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court has held that Baker & Taylor does not have standing to pursue a creditor derivative claim and therefore the Court does not have subject matter jurisdiction over Count Twelve.

## II.     Applicable Law and Discussion

Under Rule 12(b)(1), a case is properly dismissed "when the court lacks the statutory or constitutional power to adjudicate the case."  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  As with a motion to dismiss pursuant to Rule 12(b)(6), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff."  Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004).  However, unlike a 12(b)(6) motion, both the moving and non-moving parties "may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction."  Matos v. U.S. Dept. of Hous. & Urban Dev., 995 F. Supp. 48, 49 (D. Conn.

---

in the amount of $4,581,766.34.

1997) (citing Land v. Dollar, 330 U.S. 731, 735 (1947)).

A plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Because standing is a matter of subject matter jurisdiction, it can be raised at any time by any party or by the Court. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[2]

Consistent with its Foy Ruling, "the Court finds that Baker & Taylor does not have standing to bring a creditor derivative claim against [Avery] for breach of fiduciary duty" because Baker & Taylor cannot "fairly and adequately represent" the interests of AlphaCraze and other creditors. Baker & Taylor, 2011 U.S. Dist. LEXIS 87801, at *8. To have standing to bring a derivative suit, a plaintiff must "fairly and adequately represent" the interests of the corporation and the interests of other similarly situated shareholders. Conn. Gen. Stat. §§ 33-721, 52-572j; see also Fed. R. Civ. P. 23.1(a). The Court's reasoning in the Foy Ruling is applicable here. "Baker & Taylor has potential conflicts of interest that prevent it from fairly representing the interests of other creditors." Baker & Taylor, 2011 U.S. Dist. LEXIS 87801, at *9 (discussing the potential conflicts of interest).

Baker & Taylor has not persuaded the Court that its creditor derivative claim against Avery is materially different from its claim against Foy, and that it can more "fairly and adequately represent" the interests of other creditors in the derivative claim against Avery than against Foy. Baker & Taylor presents one difference: it has a breach of guaranty claim against

---

[2] The Court considers Avery's renewed motion to dismiss as a motion to dismiss for lack of subject matter jurisdiction and not a motion for reconsideration of the Court's denial of his first motion to dismiss for lack of subject matter jurisdiction.

3

Avery and thus Avery will remain a party defendant in this action and will continue to be subject to discovery.  The creditor derivative claim against Avery, however, is unrelated to the breach of guaranty claim and thus Baker & Taylor has to conduct additional discovery and employ different litigation strategies for the two claims.  The Court is also not persuaded that Baker & Taylor has a greater incentive to pursue its creditor derivative claim against Avery merely because it also has a breach of guaranty claim against him, or because of the limited amount of Avery's guaranty.  Thus, Baker & Taylor's incentives to pursue the creditor derivative claim against Avery remain different from other AlphaCraze creditors, who presumably do not have breach of guaranty claims.

Accordingly, the Court lacks subject matter jurisdiction over Count Twelve of the Amended Complaint for the same reasons as it lacks subject matter jurisdiction over Count Thirteen.

### III.    Conclusion

For the reasons stated, the defendant's renewed motion to dismiss [Dkt. # 159] is GRANTED.

SO ORDERED  this  13th  day of October 2011, at Hartford, Connecticut.

  /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**